Thomas F. Larkin *vs.* George A. Fuller Company *et al.*

FEBRUARY 15, 1950.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Capotosto, J. This is an employee's petition, under general laws 1938, chapter 300, article II, §12, as amended, to obtain specific compensation, in addition to all other

compensation, on the ground that his right arm was rendered stiff so as to be useless. Following proceedings in the department of labor, the case was heard *de novo* before a justice of the superior court who granted the prayer of the petition. A decree to that effect was thereafter duly entered and the case is here on the respondents' appeal from that decree.

We deem it advisable to refer at the outset to the above-mentioned section of the act, noting that the portion of subsection (k) of that section, upon which petitioner relies, was added by public laws 1941, chap. 1056. Section 12 reads as follows: "In case of the following specified injuries there shall be paid in addition to and concurrently with all other compensation provided for in this chapter a weekly payment equal to one-half of the average weekly earnings of the injured employee, but in no case more than $20.00 nor less than $8.00 a week: * * * (k) * * * 'Where any bodily member or portion thereof has been rendered *stiff so as to be useless,* compensation in accordance with the above schedules shall be paid as if the member or portion thereof had been severed completely.' " (italics ours)

It is undisputed that the petitioner was injured on April 15, 1944 by accident arising out of and in the course of his employment as an electrician by the respondents. When the present appeal was heard before us respondents admitted that under a decree of the superior court they had been and were then paying to the petitioner compensation of $20 per week for total incapacity. The injuries for which he was being thus compensated were paralysis of the entire right side and loss of speech caused by carbon monoxide poisoning and its sequelae. The present petition for specific compensation for the loss of the use of his arm was filed October 6, 1948 with the department of labor.

Respondents contend that the second and third findings of fact by the trial justice are not supported by any legal evidence. The second finding, which we will now consider, was "That employee-petitioner's right arm has been rendered stiff so as to be useless *from October 5, 1948* as a result

of the accident happening to him on April 15, 1944 in the course of his employment by the respondent contractors." (italics ours) Respondents argue that this finding is not supported by any legal evidence, their main contention being that the petitioner is not entitled to the specific compensation which he seeks because such claim was barred by the statute of limitations since his arm was in the same condition, that is, *stiff* so as to be useless, in 1944 as it was in 1948.

Doctor James A. McCann, petitioner's family physician who had treated him from the time of the accident, and Dr. Louis A. Sage, an impartial examiner appointed by the director of labor who examined him on November 18, 1948, testified for the petitioner. The respondents introduced no medical evidence in their own behalf. In direct examination Dr. McCann unequivocally testified that petitioner's arm became "stiff so as to be useless" in 1948. Respondents' cross-examination endeavored to elicit from him testimony to the effect that the condition of petitioner's arm with reference to stiffness was the same in 1944 as it was in 1948. If his short answers in the affirmative to the last few suggestive questions in cross-examination are read apart from his entire testimony they appear to establish that fact. But that is not the case if they are read together with the rest of his testimony which describes in detail the cause and the gradual increase of stiffness of petitioner's arm. It is true, as respondents contend, that the arm was rendered useless shortly after the accident, but from a fair reading of Dr. McCann's testimony we are of the opinion that the trial justice could reasonably find that such condition was originally due to paralysis and not to stiffness, which latter condition first appeared in the fingers and then with the lapse of time gradually extended to the entire arm so that it became "*stiff* so as to be useless" in 1948. (italics ours)

In the absence of medical testimony to the effect that the original loss of function through paralysis of the arm is synonymous with the loss of use through stiffness of that member in October 1948, there is no basis for the

conclusion urged by the respondents in so technical a matter. However, giving them the benefit of a liberal interpretation of Dr. McCann's testimony, the best that can be said is that in the circumstances such testimony is reasonably open to different and opposite conclusions. This situation was not adversely affected in any material way by the testimony of Dr. Sage. We are therefore of the opinion that there was some legal evidence to support the second finding of fact by the trial justice.

Our conclusion as to the second finding, which establishes petitioner's right to specific compensation, makes it unnecessary to discuss respondents' contention respecting the third finding. Furthermore, it is clear that the latter finding refers merely to petitioner's generally increasing physical disability and not to the specific incapacity for which he seeks compensation in this case.

But the respondents claim that in the circumstances the petitioner was barred from recovery of specific compensation by the statute of limitations which requires that action be brought before "2 years after the occurrence of the injury," as prescribed in art. III, §17, of the act. In view of our conclusion with reference to the second finding, this claim is untenable.

Respondents, relying mainly on an excerpt from *Henry* v. *American Enamel Co.*, 48 R. I. 113, next contend that recovery by the petitioner here is inconsistent with the decision in that case and violates art. III, §17, of the act. They argue that unless "there are to be several different periods of limitations for different types of claims under our Act, the petition in the case at bar should have been filed on or before April 15, 1946," that is, within two years from the date when the petitioner was totally incapacitated for work. This contention is unsound as the *Henry* case is clearly distinguishable in its facts from the instant case, and, further, in that such contention misapplies the provision of the above-mentioned section as construed in the recent case of *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215.

In the *Henry* case a doctor brought a petition under the act seeking allowance of his bill for medical services rendered to an injured employee of the respondent almost six years after the rendition of such services. The contention in that case was that the act gave the doctor an independent right of action equivalent to assumpsit against the employer and that therefore he was entitled to recover for his services if he instituted proceedings within the general statute of limitations, namely, six years. The only statute of limitations mentioned in the act then, as now, was two years. The court dismissed such contention and held that the doctor's claim, like all other claims under the act, was subject to the statute of limitations therein mentioned. It was in the course of its discussion of that point that the court, at page 119 of the opinion, used the following language upon which the respondents here now strongly rely: "We do not believe that the legislature intended in the Workmen's Compensation Act to apply different statutes of limitations to different claims brought under the act." We agree with that statement of the law and if the statute is properly interpreted as to the time of its commencement it will be clear that the same statute of limitations is being applied here.

Respondents also cite the case of *Giannotti* v. *Giusti Brothers*, 41 R. I. 122, for their contention that an original petition, as here, is barred unless filed within two years after the occurrence of the injury. The soundness of such a contention depends primarily upon the particular injury or circumstances that give rise to the cause of action before the court for determination. In the *Giannotti* case the petitioner sought compensation on the ground of his partial dependency upon a deceased employee. There the court rightly held that, as the cause of action arose upon the employee's death and as the petition was filed some two years and three months after that occurrence, petitioner was barred from recovery by the statute of limitations. The fallacy in respondents' contention under consideration is

that they fail to distinguish between the injuries that immediately resulted in petitioner's incapacity, for which they were paying him ordinary compensation, and the specific injury that rendered his arm useless through stiffness which, according to the second finding of the trial justice, occurred in 1948, at which time he first became entitled to additional compensation for that specific injury. In the circumstances the contention is without merit as it assumes, contrary to such finding which we have sustained, that the petitioner lost the use of his arm through stiffness in 1944.

In *Rosa* v. *George A. Fuller Co., supra,* we had occasion to consider fully the meaning of art. III, §17, and we there held that a petition for ordinary compensation was barred by the act if filed more than two years after the injury first gave rise to a cause of action against the employer and not two years from the happening of the accident itself. We see no reason for applying a different rule where, as here, the petition is for specific compensation.

The determinative question in the case at bar is when did petitioner's injury first become the basis of a cause of action for additional specific compensation against the respondents. Since that question of fact was decided by the trial justice on legal evidence adversely to the respondents, namely, that petitioner first lost the use of his arm through stiffness on October 5, 1948, the statute of limitations for such injury began to run from that date and not from 1944 as respondents contend. The petitioner therefore was not barred by the statute of limitations and having established by legal evidence that the bodily member in question was rendered "stiff so as to be useless" in October 1948, he was entitled under the statute to compensation for such specific injury in addition to the compensation for incapacity to work. See *Vick* v. *Aubin,* 73 R. I. 508, 514.

We are not impressed by respondents' final contention that the petitioner introduced no evidence as to the amount of his average weekly wages at the time of the accident and that therefore the award of $20 a week for specific

compensation is erroneous. A careful consideration of the entire record in this case impels us to the conclusion that in the superior court petitioner's wages, as established in a former decree under which the respondents were then paying him compensation of $20 a week for total incapacity, were not questioned by them at that time either during the hearing or upon the entry of the decree in this case. Apparently the parties and the court proceeded on the understanding that the wages were as set forth in that decree. In the circumstances we find that this contention, which is now urged for the first time, is without merit.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Morrissey & Conley, Joseph L. Breen, Russell C. King,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Thomas J. Hogan,* for respondents.